Case 4:18-cv-02764 Document 53 Filed on 12/08/20 in TXSD Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
December 08, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWAIN A. VAUGHNS II and RABIA VAUGHNS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § § | CIVIL ACTION NO. H-18-2764 |
| SUNSTONE COWBOY LESSEE LP d/b/a HOUSTON MARRIOTT NORTH; SUNSTONE COWBOY, LP; LIFE FITNESS; and BRUNSWICK CORPORATION, | § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Dwain A. Vaughns II and Rabia Vaughns ("Plaintiffs") assert claims against defendants Sunstone Cowboy Lessee, LP d/b/a Houston Marriott North and Sunstone Cowboy, LP for premises liability and negligence.[1] Plaintiffs also assert a claim against defendants Life Fitness and Brunswick Corporation (collectively, "Defendants") for strict products liability.[2] Pending before the court are Defendants Life Fitness and Brunswick

---

[1] Plaintiff's Original Petition ("Complaint"), Exhibit B-2 to Notice of Removal of Civil Action to the United States District Court for the Southern District of Texas, Houston Division ("Notice of Removal"), Docket Entry No. 1-5, pp. 6-8. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2] Id. at 8-9.

Corporation's Motion for Summary Judgment (Docket Entry No. 37) ("Defendants' MSJ") and Plaintiffs Dwain A. Vaughns II and Rabia Vaughns' Memorandum in Response to Defendants Life Fitness and Brunswick Corporation's Motion for Summary Judgment (Docket Entry No. 43) ("Plaintiffs' Response"). For the reasons explained below, Defendants' MSJ will be denied.

## I. Factual and Procedural Background

The following facts are not disputed. Life Fitness is a division of Brunswick Corporation.[3] It is in the business of designing, manufacturing, distributing, promoting, and selling workout benches and exercise equipment in Texas and throughout the United States.[4]

On July 30, 2016, Plaintiff, Dwain A. Vaughns II ("Plaintiff"), was exercising in the hotel fitness center located within the Houston Marriott North's 255 North Sam Houston Parkway East location.[5] Plaintiff was performing leg lifts using a Life Fitness adjustable workout bench (the "Subject Bench") when he suffered the injury that gave rise to this suit.[6] The Subject

---

[3]Defendants Life Fitness and Brunswick Corporations' Answer, Separate Defenses, and Jury Demand ("Defendants' Answer"), Docket Entry No. 5, p. 4 ¶ 11.

[4]Id.

[5]Defendants' MSJ, Docket Entry No. 37, p. 2; Complaint, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-5, p. 5 ¶ 15.

[6]Defendants' MSJ, Docket Entry No. 37, pp. 2-3; Complaint, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-5, p. 5 ¶ 16.

Bench had three sections: a seat pad, a back pad, and a head pad.[7] The Subject Bench was in a fully reclined position and parallel to the ground while Plaintiff performed leg lifts on it.[8] Plaintiff was lying down on the Subject Bench with his back on the back pad, his head on the seat pad (the "Subject Pad"), and his legs straight out in front of him.[9] Plaintiff's hands were placed next to his head in an "earmuffs" position while he exercised.[10]

Plaintiff performed leg lifts by lifting his straightened legs until they were perpendicular with the floor, lowering his straightened legs until they were parallel to the floor, and then repeating the movement.[11] After four or five repetitions, Plaintiff's feet began to fall to the right while his legs were about halfway between the parallel and perpendicular positions.[12] Plaintiff realized he was rolling off the Subject Bench and stuck his right foot out to catch himself.[13] Plaintiff's right foot struck the ground and was injured.[14] The fourth toe of Plaintiff's

---

[7] Defendants' MSJ, Docket Entry No. 37, p. 2 (citing Deposition of Plaintiff Dwain A. Vaughns ("Plaintiff's Deposition"), Exhibit 2 to Defendant's MSJ, 111:11-13, 113:6-114:22).

[8] Id. at 2-3 (citing Plaintiff's Deposition, 111:6-114:22).

[9] Id.

[10] Id. at 3 (citing Plaintiff's Deposition, 114:23-116:6).

[11] Id. (citing Plaintiff's Deposition, 117:1-13).

[12] Id. (citing Plaintiff's Deposition, 118:11-119:11, 120:12-121:20).

[13] Id. (citing Plaintiff's Deposition, 135:9-137:3).

[14] Id.

right foot was broken and would later require surgery.[15] Immediately after his fall Plaintiff inspected the Subject Bench and noticed that the Subject Pad where he had placed his head and hands "'had a bit of give in it where it would go side to side.'"[16]

On June 6, 2018, Plaintiff filed this action in state court, asserting that the Subject Bench as manufactured was "unreasonably dangerous to an extent beyond which would be contemplated by the ordinary consumer who purchased and/or used it for a foreseeable use," and that "[t]he defective condition was a producing cause of the damages sustained by Plaintiffs as alleged here and made the basis of this suit."[17] Defendants timely removed the action to this court on the basis of diversity jurisdiction.[18] Discovery has not yet concluded.[19] On June 19, 2020, Defendants filed their motion for summary judgment.[20] Plaintiffs filed their response on July 24, 2020.[21] Defendants replied on August 7, 2020.[22]

---

[15]Plaintiff's Deposition, 180:10-25.

[16]Defendants' MSJ, Docket Entry No. 37, p. 3 (citing Plaintiff's Deposition, 127:2-128:4).

[17]Complaint, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-5, p. 8 ¶ 26.

[18]Notice of Removal, Docket Entry No. 1, pp. 2-5.

[19]FRCP 29 Updated Agreement Among Attorneys on Expert Discovery Deadlines, Docket Entry No. 51, p. 2.

[20]Defendants' MSJ, Docket Entry No. 37.

[21]Plaintiffs' Response, Docket Entry No. 43.

[22]Defendants Life Fitness and Brunswick Corporation's Reply in Support of Motion for Summary Judgment, Docket Entry No. 49.

## II.  Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting Celotex, 106 S. Ct. at 2553). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Id. If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Id. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric

Industrial Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). The court resolves factual controversies in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

### III. Law and Analysis

Plaintiff alleges that he was injured because the Subject Pad on the Subject Bench was loose, thus preventing him from stabilizing himself when he began to fall.[23] Defendants argue that Plaintiff "fell off of the bench due to fatigue and independent of any alleged looseness in the bench."[24]

Plaintiff invokes the doctrine of strict products liability as articulated in § 402A of the Second Restatement of Torts and as adopted by the Texas Supreme Court.[25] See McKisson v. Sales

---

[23]See Plaintiffs' Response, Docket Entry No. 43, p. 4 ("As he grabbed the top section to recenter and stabilize, nothing happened, and he fell to the right, striking his right foot on the ground.").

[24]Defendants' MSJ, Docket Entry No. 37, p. 1.

[25]Complaint, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-5, p. 9 ¶ 29.

Affiliates, Inc., 416 S.W.2d 787 (Tex. 1967) (holding those who sell defective products strictly liable for physical harm they cause to consumers). Section 402A states:

>   (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property, is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
>      (a) the seller is engaged in the business of selling such a product, and
>
>      (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

RESTATEMENT (SECOND) OF TORTS § 402A (1965).

"In a product liability case, the plaintiff need only show that the product defect was a producing cause of the damages or injuries." Coleman v. Cintas Sales Corp., 40 S.W.3d 544, 550 (Tex. App.—San Antonio 2001, pet. denied) (internal citation omitted). There may be more than one producing cause. Id. A "producing cause" has two components: "(1) the cause must be a substantial cause of the event in issue and (2) it must be a but-for cause, namely one without which the event would not have occurred." Ford Motor Co. V. Ledesma, 242 S.W.3d 32, 46 (Tex. 2007).

The Texas Supreme Court has held there is no valid distinction between a defect causing an accident and a defect causing an injury. Turner v. General Motors Corp., 584 S.W.2d 844, 848 (Tex. 1979) (defect in automobile did not cause accident but caused injury). "In an accident where the injury involved is made worse

by the product defect, the defect and the injury are interdependent and should be viewed as a combined event." Coleman, 40 S.W.3d at 550 (citing Turner, 584 S.W.2d at 848). Thus, where the design defect enhances an injury, the defect is considered one of the producing causes of the injury. Id.

"[A] plaintiff is not required to show by direct proof how the product became defective or to identify a specific engineering or structural defect." Shaun T. Mian Corp. v. Hewlett-Packard Co., 237 S.W.3d 851, 858 (Tex. App.—Dallas 2007, pet. denied). "A malfunction may be shown by testimony of the product's user about the circumstances surrounding the event in question." Id.

Plaintiff testified in his deposition that the section of the bench he had been gripping to stabilize himself "had a bit of give in it where it would go side to side."[26] He described a piece of the Subject Bench under the Subject Pad as "wobbling" when he used it.[27] He testified that when he inspected the Subject Pad, he found that it "had play in it," that it made a "clacking noise," and that its movement was like a "seesaw."[28]

Plaintiff testified that he had previously experienced his feet moving left or right in prior leg lift workouts, just as on this occasion.[29] He further stated that on every previous occasion,

---

[26] Plaintiff's Deposition, 127:15-17.

[27] Id. at 133:7-13.

[28] Id. at 281:24-282:6.

[29] Id. at 144:9-148:23.

he was able to stabilize himself by using his hands to grip the steady bench and continue the exercise.[30] But Plaintiff stated that on this occasion, when he tried to stabilize himself in the same way, he found that "nothing [was] happening," that he was "pulling, but . . . not stabilizing."[31] Accordingly, Plaintiff argues that the looseness of the Subject Pad prevented him from stabilizing, leading to his fall and injury.[32] Plaintiff reported to various medical providers that the cause of his injury was the condition of the workout bench.[33]

Defendant argues that Plaintiff began to fall off the Subject Bench because his muscles were fatigued.[34] Defendant points to Plaintiff's testimony that the movement of the seat pad did not cause his body to start moving to the right.[35] But even if Plaintiff began to fall because of fatigue, this would not negate the possibility that the Subject Pad's looseness prevented Plaintiff from stabilizing himself during the fall. In that case the looseness of the Subject Pad would be an additional producing

---

[30]Id.

[31]Id. at 138:6-12.

[32]Id. at 144:9-148:23.

[33]Plaintiff's Medical Records ("Medical Records"), Docket Entry No. 44-2, pp. 7, 16, 26, 32.

[34]Defendants' MSJ, Docket Entry No. 37, p. 5 (citing Plaintiff's Deposition, 139:4-10).

[35]Id. (citing Plaintiff's Deposition, 142:10-14).

cause of Plaintiff's injury — an injury can have more than one producing cause. See Coleman, 40 S.W.3d at 550. Furthermore, even if the looseness of the Subject Pad were not a but-for cause of Plaintiff's injury and fall, Plaintiff could still prevail on his product liability claim if the jury found that the pad's looseness made his injury worse. See id.

The facts that Plaintiff has alleged, if believed, would be sufficient for Plaintiff to prevail at trial. A fair-minded jury could find that the looseness of the Subject Pad was a producing cause of Plaintiff's injury. Therefore, Plaintiff has presented a genuine fact dispute. See Anderson, 106 S. Ct. at 2510. Because Defendants have not met their initial burden of demonstrating the absence of a genuine issue of material fact, Defendants' MSJ must be denied. See Little, 37 F.3d at 1075.

### IV. Conclusion and Order

For the reasons explained above, Defendants Life Fitness and Brunswick Corporation's Motion for Summary Judgment (Docket Entry No. 37) is **DENIED**.

**SIGNED** at Houston, Texas, on this 8th day of December, 2020.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE